IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID SIPP, Reverend,

        Plaintiff,

  vs.                                    CIVIL NO.  01-1418 LFG/DJS-ACE

UNUM PROVIDENT
CORPORATION and
PAUL REVERE LIFE
INSURANCE,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## AWARDING COSTS AND DENYING MOTION
## FOR APPOINTMENT OF EXPERTS

THIS MATTER is before the Court on Plaintiff's two interrelated motions.  As prevailing party, Plaintiff David Sipp ("Sipp"), filed a motion for award of costs [Doc. 49], and on the same date, file a motion for the appointment of Sipp's experts [Doc. 48].  Defendant UNUM Provident Corporation ("UNUM") concurs in part and opposes in part Sipp's motion for costs, and entirely opposes Sipp's motion for the appointment of experts.

### Analysis

Taxable costs are awarded to the prevailing party as a matter of course.  Fed. R. Civ. P. 54(d)(1).  It is undisputed that SIPP prevailed and therefore should recover taxable costs.  In this case, Sipp seeks reimbursement of filing fees incurred while this matter was before the State court.  Defendants do not object and, accordingly, the Court will tax costs in the amount of $222.00 in favor of Sipp and against UNUM.

Sipp requests reimbursement of $2,488.71 for various depositions and charges related to the depositions. UNUM objects to some of the items on the Cost Bill as outside the scope of 28 U.S.C. § 1920 and D.N.M.LR-Civ. 54. The Court will address the disputed items.

### Deposition Transcripts

Under D.N.M.LR-Civ. 54.2(b)(1), a prevailing party may tax the cost of deposition transcripts which are reasonably necessary to the litigation. A deposition is considered reasonably necessary to the litigation when, (a) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes; (b) the deposition is used by the Court in ruling on a motion for summary judgment; or (c) the Court so determines. D.N.M.LR-Civ. 54(b)(2). Section 1920 permits recovery for the costs of taking, transcribing and copying depositions necessarily obtained for use in the case. Furr v. AT&T Techs., Inc., 824 F.2d 1537, 1550 (10th Cir. 1987). Sipp seeks reimbursement for deposition charges incurred for witnesses G. Allen, D. Kaplan, P. Ahearn, A. Bennett, J. Lish, M. Speroni, and claims adjuster Faucet. Additionally, he seeks reimbursement for a copy of his own deposition transcript.

UNUM did not object to the taxation of costs for those depositions, but did object to the shipping fees and deposition room charges incurred, arguing that those costs are simply not allowable under 28 U.S.C. § 1920 nor D.N.M.LR-Civ. 54. Under the district's local rule, reimbursement is allowed only for a reporter's charge for the original or a copy of the transcript. The rule authorizes no other charge, even if related to taking the deposition or shipping the transcripts. Thus, Defendant deducted the room and shipping charges and agreed to an assessment of costs in the amount of $2,230.30 for depositions.

Sipp replies that the disputed costs are incidental to taking depositions. The Court agrees in part. Clearly, the shipping charge is a reasonable and necessary component in the production and delivery of the transcript. Thus, the Court will authorize that shipping costs of $81.25 be assessed. The room charge is another matter. The depositions did not need to be taken at the court reporter's office and could easily have been conducted without charge at other locations, including counsel's own conference rooms. Unlike shipping charges, the room charges were incurred as a convenience or, more likely, to avoid the imaginary tactical advantage of taking a deposition at the opponent's office. In any event, the room charge is not so inextricably intertwined with the cost of the deposition to warrant approval of the fee..

Accordingly, the Court taxes deposition costs in favor of Sipp and against UNUM in the amount of $2,311.55.

The next category of requested costs is intertwined with Sipp's request for the appointment of experts. Expert fees are not allowed as taxable costs unless the Court appointed experts. Sipp requests that the Court now appoint Dr. Elliot Rapoport, Mr. Dan Moriarity, and Barbara Paul as experts in this case, and upon their appointment, that the Court tax expert fees in the amount of $6,546.62.

The authority to appoint experts stems from Fed. R. Evid. 706. Rule 706(a) provides in pertinent part:

> The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witness agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless the witness consents to act. A witness so appointed shall be informed of the witness' duties by the

3

>court in writing, a copy of which shall be filed with the clerk, or at a
>conference in which the party shall have the opportunity to participate.

It is undisputed that the Court did not appoint Dr. Rapoport, Mr. Moriarity or Ms. Paul as experts nor, prior to the Court ruling on the motions for summary judgment, had the court been asked to appoint them as experts. UNUM now objects to Sipp's after-the-fact request.

This same issue was considered by Judge Martha Vazquez in <u>Carleton v. Wal-Mart Stores, Inc.</u>, No. CIV 99-965 MV/DJS, slip op. at 8 (D.N.M. Feb. 6, 2001). There, Judge Vazquez was faced with the same issue. She wrote:

>The wording of this Rule [Fed. R. Evid. 706] indicates that it deals with <u>appointment</u> of <u>experts</u> prior to trial. *See* <u>United States v. Weathers</u>, 618 F.2d 663, 664 n. 1 (10th Cir. 1980)(*citing* 3 Weinstein's Evidence 706(02)(1978)(Rule 706 is ordinarily invoked before trial, thus leaving enough time to comply with the Rule's requirements). Nothing in Rule 706 lends support to the proposition that a Court may appoint an expert witness after trial for the purpose of cost-shifting. Plaintiff has pointed to no persuasive authority, and the Court could find none to support such a proposition.

Judge Vazquez denied plaintiff's request there for an after-the-fact appointment of experts. So, too, here. It is clear that the parties did not jointly agree to designate any of these individuals as experts; it is also clear that the Court did not independently appoint these individuals as experts; and, finally, it is clear that none of these experts provided deposition testimony or testified at trial. These were simply experts selected by Sipp to assist in the prosecution of the case and now, after the dispositive rulings were made, Sipp seeks to shift the costs to UNUM. If this process were permitted, similar requests would be made in every case and an award of expert fees would become automatic. This would conflict with § 1920 and D.N.M.LR-Civ. 54.

4

In federal court proceedings, expert fees are not taxable as costs unless the Court has appointed the experts. These individuals were not appointed and under Judge Vazquez' analysis in <u>Carleton</u>, it is too late to request the appointment now. Thus, the Court rejects Sipp's motion to appoint his three experts, and, accordingly, declines to tax their fees and expenses as costs.

### **Conclusion**

After consideration of Sipp's motions as well as UNUM's responses, and after due consideration of the requirements of Fed. R. Civ. P. 54 as well as 28 U.S.C. § 1920, the Court taxes costs in the total amount of $2,533.55 in favor of Sipp and against UNUM.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge